IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-00382-FDW

| | |
|---|---|
| GERALD MCCOMBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| JACKIE PARKER; DEXTER GIBBS; ) | |
| CHRISTOPHER NIVENS; ) | |
| BRET BULLIS; MIKE SLAGLE; ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint which he filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff was a prisoner of the State of North Carolina and he was housed in the Mountain View Correctional Institution at the time he filed his § 1983 complaint in which he contends that (1) he was wrongfully denied a Kosher diet and that he was thereafter denied a transfer to a prison facility that provided a Kosher diet, and (2) he was denied the ability to attend Messianic Judaism prayer service because the volunteer assigned to the meeting was ill and unable to attend and supervise the inmates attending the service.[1]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a

---

[1] Plaintiff seeks monetary damages and injunctive relief. The Court finds the latter claim moot as Plaintiff has been released from custody. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 186-88 (4th Cir. 2009); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)).

1

governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"The Free Exercise Clause of the First Amendment forbids the adoption of laws designed to suppress religious beliefs or practices," and "[i]ts protections . . . extend[ ] to the prison environment." Morrison v. Garraghty, 239 F.3d 648, 656 (4th Cir. 2001) (citations omitted). To state an actionable claim under the Free Exercise Clause, a plaintiff must show that he sincerely held a religious belief and that the defendant's actions substantially burdened his religious freedom or expression of his belief. Blue v. Jabe, 996 F. Supp. 499, 502 (E.D. Va. 1996) (citing Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972)). The Supreme Court has defined "substantial burden" in various ways, including "putting substantial pressure on an adherent to modify his behavior and violate his beliefs," Thomas v. Review Bd. of Ind. Emp't Sec. Div., 450 U.S. 707, 717-18 (1981), and forcing an individual to "choose between following the precepts of [his] religion and forfeiting benefits, on the one hand, and abandoning one of the precepts of [his] religion . . . on the other hand." Sherbert v. Verner, 374 U.S. 398, 404 (1963). Finally, inmates' First Amendment rights must be balanced with prisons' institutional needs of security, discipline, and general

2

administration. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987). Therefore, a prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Indeed, the role of the federal judiciary is not to micro-manage state prisons, and the expertise of prison officials must be given due deference. See Sandin v. Conner, 515 U.S. 472, 482 (1995).

Next, under RLUIPA, the government is prohibited from imposing a "substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government demonstrates that the imposition of that burden furthers a "compelling governmental interest" by the least restrictive means. 42 U.S.C. § 2000cc-1(a)(1)-(2). Although RLUIPA does not define the term "substantial burden," the Fourth Circuit has held that a "substantial burden on religious exercise occurs [under RLUIPA] when a state or local government, through act or omission, 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006) (alteration in original) (quoting Thomas, 450 U.S. at 718 (1981). "On the opposite end of the spectrum . . . a government action or regulation does not rise to the level of a substantial burden on religious exercise if it merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004). "Religious exercise" in this context includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

In establishing a claim under RLUIPA, inmates must first show that they have sought to engage in an exercise of religion and, second, that the prison has engaged in a practice that substantially burdens that exercise of religion. See Smith v. Ozmint, 578 F.3d 246, 250-51 (4th Cir. 2009) (citing Lovelace, 472 F.3d at 186). Once the inmate has alleged a substantial burden, the prison must demonstrate that the practice in question is the least restrictive means of furthering a

3

compelling governmental interest. Id. Additionally, while RLUIPA authorizes injunctive and declaratory relief, it does not waive a state's Eleventh Amendment immunity, nor does it authorize suits for money damages against prison officials, whether in their official or individual capacities. Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); accord Sossamon v. Texas, 563 U.S. 277, 292-93 (2011). Finally, to state a RLUIPA claim against an individual, a plaintiff must establish that the individual acted with the requisite intent. Lovelace, 472 F.3d at 194-95. In the RLUIPA context, the Fourth Circuit has held that such a claim requires more than negligence and is satisfied only by intentional conduct. Id. at 194 ("We conclude that simple negligence, the lowest common denominator of customary tort liability, does not suffice to meet the fault requirement . . . of RLUIPA.") (internal quotation marks omitted).

The Fourth Circuit has held that "RLUIPA incorporates and exceeds the Constitution's basic protections of religious exercise." Lovelace, 472 F.3d at 198. Finding that RLUIPA "mimics" the First Amendment by incorporating the substantial burden test and by referring to the Free Exercise Clause relative to the allocation of the burden of proof, the court also explained that the primary difference is that RLUIPA "adopts a more searching standard of review than that used for parallel First Amendment claims, strict scrutiny instead of reasonableness." Id. at 199 n.8 (internal quotation omitted). Because the RLUIPA "incorporates and exceeds the Constitution's basic protections of religious exercise," a finding of no liability under RLUIPA necessarily means that a First Amendment claims also fails.

A. Kosher diet

Plaintiff, who was released from the custody of the State of North Carolina a few months after he filed his complaint, first contends that was denied his right to a Kosher diet and that the alternative that was provided by the prison – lacto-ova-vegetarian meals – is in violation of his federally protected rights. This argument is without merit. See, e.g., Johnson v. Lewis, No. 3:13-cv-

149-FDW, 2016 U.S. Dist. LEXIS 27169, at *16 n.3 (W.D.N.C. Mar. 12, 2016) (rejecting similar claim) (citing Hodges v. Brown, No. 5:11-ct-03232-D, 2015 U.S. Dist. LEXIS 22199 (E.D.N.C. Feb. 20, 2015); and Turner-Bey v. Maynard, No. JFM-10-2816, 2012 U.S. Dist. LEXIS 133862 (D. Md. Sept. 18, 2012)). Further, even assuming Plaintiff in this case could establish that the dietary plan presented a substantial burden, prisons have a compelling and legitimate interest in the "orderly administration of a [food service] program" that accommodates "the religious dietary needs of thousands of prisoners." Johnson, supra, at *18 (quoting Resnick v. Adams, 348 F.3d 763, 769 (9th Cir. 2004)).

B.  Volunteer attendance

Here, Plaintiff's allegation that he was denied a Messianic Jewish service fails to state a claim for relief because Plaintiff's own grievance indicates that any such disruption to this service was temporary as the volunteer was briefly unavailable due to an illness and Plaintiff was offered the option of attending other services. (1:12-cv-00382, Doc. No. 1-1 at 6). Moreover, Plaintiff does not dispute that he was able to privately worship at any time in the temporary absence of the volunteer.

For the reasons stated, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed.

IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.
**SO ORDERED.**

Signed: March 22, 2016

Frank D. Whitney
Chief United States District Judge